**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

    vs.                                          No. CR 00-1242 LH

SAM PRINGLE,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on Defendant's Motion to Suppress (Docket No. 20), filed November 17, 2000.  The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the Motion shall be **denied.**

**Background**

      Defendant seeks to suppress evidence obtained in connection with a search of his residence on August 16, 2000.  On the basis of two tips that Defendant was growing and drying marijuana at his residence, Officers Scott and Briseno proceeded to Defendant's residence without a search warrant to perform a "knock and talk."  When Defendant answered the door, the officers requested permission to enter the residence.  Defendant denied them permission and stepped out of his residence.  Officer Scott detected the odor of "raw marijuana" coming from the residence.  The officers then requested that Defendant's girlfriend, who was the only other person present at the

residence, come outside.  After she came outside, Officer Briseno conducted a quick walk through of the residence, known as a "protective sweep," to ensure that there were no other persons inside that could destroy any evidence or pose a danger to the officers.

The officers questioned Defendant and his girlfriend outside of the residence and later continued the conversation inside the residence.  Defendant disputes the officers' claim that Defendant consented to continuing the conversation inside.  Once inside, Defendant denied Officer Scott's request for permission to search the residence.  While inside the residence Officer Scott saw marijuana plants growing in a bedroom.

Officer Briseno, along with some other officers, detained Defendant and his girlfriend in the living room of the residence while Officer Scott went to obtain a search warrant.  A magistrate judge found probable cause and issued a search warrant based upon an affidavit prepared by Officer Scott. The affidavit contains the following alleged facts:

1.  A confidential informant provided a tip that Defendant was growing and drying marijuana in his residence;

2.  An anonymous concerned citizen provided a tip that Defendant was growing and drying marijuana in his residence;

3.  Prior to Officer Briseno knocking on Defendant's door, Officer Scott smelled a powerful odor of air freshener, which is often used to mask the odor of controlled substances, emanating from the residence;

4.  As Defendant opened the door, Officer Scott detected the odor of "raw marijuana" coming from the residence;

5.  Defendant stated to Officer Scott that there was a quarter pound of marijuana inside the residence;

6.  Defendant also kept insisting that he smokes a lot of marijuana;

7.  While inside the residence, Officer Briseno saw marijuana;

8.  While inside the residence, Officer Scott saw marijuana.

After obtaining the search warrant and returning to the residence, Officer Scott, along with other officers, searched Defendant's residence and found marijuana growing and drying in a bedroom. Officer Scott also searched two locked safes, one of which contained a material that appeared to be methamphetamine.  Officer Scott advised Defendant of his *Miranda* rights which Defendant allegedly waived before discussing the methamphetamine with Officer Scott.  The material later field tested positive for the presence of methamphetamine.

**Reasonable Suspicion Not Required for a "Knock and Talk"**

The general rule regarding "knock and talk" encounters is, absent express orders from the person in possession against any possible trespass, there is no rule which makes it illegal per se, or a condemned invasion of the person's right of privacy, for anyone, including a police officer, to walk up the steps and knock on the front door of the person's house with the honest intent of asking questions of the occupant.  *United States v. Cormier,* 220 F.3d 1103, 1109 (9th Cir. 2000)(citing cases from the 4th, 7th, 9th and 11 Circuits).  So long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required.  *Florida v. Bostick*, 501 U.S. 429, 434 (1991).  An encounter becomes a "seizure" triggering Fourth Amendment scrutiny when it loses its consensual nature, for example when an officer, by means of physical force or show of authority, has in some way restrained the

liberty of a citizen. *Id. See also Cormier*, 220 F.3d at 1109 (encounter consensual because officer knocked on door for only a short period spanning seconds, never announced she was a police officer while knocking, did not compel occupant to open door under the badge of authority, and was not unreasonably persistent in her attempt to gain access). There is no evidence before the Court suggesting that the initial encounter between the officers and Defendant was not consensual.

**Protective Sweep Illegal Because No Exigent Circumstances**

There is no absolute test for the presence of exigent circumstances because such a determination depends on the unique facts of each controversy. *United States v. Scroger*, 98 F.3d 1256, 1259 (10th Cir. 1996). "Exigent circumstances must be jealously and carefully drawn." *United States v. Anderson*, 154 F.3d 1225, 1233 (10th Cir. 1998). The government claims that Officer Briseno's protective sweep was justified by exigent circumstances regarding the imminent destruction of evidence and imminent danger to the officers.

There are four requirements for a permissible warrantless entry when the police fear the *imminent* destruction of evidence. *Scroger,* 98 F.3d at 1259. Police fearing destruction of evidence are allowed to enter the home of a suspect: (1) pursuant to clear evidence of probable cause, (2) only for serious crimes and in circumstances where destruction of evidence is likely, (3) with the entry limited in scope to the minimum intrusion necessary, and (4) supported by clearly defined indicators of exigency that are not subject to police manipulation or abuse. *Id.* Because Officer Scott smelled marijuana and because the protective sweep by Officer Briseno lasted for approximately one minute, the first and third requirements for a warrantless entry to prevent the destruction of evidence are met. *See United States v. Morin*, 949 F.2d 297, 300 (10th Cir. 1991)(the Tenth Circuit has long recognized that marijuana has a distinct smell and that the odor of marijuana alone can satisfy the

probable cause requirement to search a vehicle or baggage).  The first half of the second requirement is also met.  *See Scroger*, 98 F.3d at 1260 (It is well established that drug manufacturing is a serious crime).  However, the second half of the second requirement and the fourth requirement have not been met here.

The government needs to demonstrate the presence of circumstances where the destruction of evidence is likely.  *See United States v. Anderson*, 154 F.3d 1225, 1233 (10th Cir. 1998).  Officer Scott testified that based on his experience, it was *possible* that there were other persons inside that would destroy evidence.  Officer Briseno testified that he had no indication that destruction of evidence would occur.  The only fact presented in support of the officers' belief that destruction of evidence was likely was the presence of three vehicles in proximity to Defendant's residence.  One of the three vehicles was registered to Defendant.  Defendant's girlfriend stated that another vehicle was hers.  The third vehicle was registered to Daniel Tarango, a person Officer Briseno believed to be a drug dealer.  The presence of the third car is of limited significance for inferring the presence of other persons in Defendant's residence because Defendant resided in a duplex.

Law enforcement officers may also perform a protective sweep when they possess a reasonable belief that the area to be swept harbors an individual posing a danger to those at the scene.  *Maryland v. Buie*, 494 U.S. 325, 337 (1990).  Furthermore, (1) the law enforcement officers must have reasonable grounds to believe that there is immediate need to protect their lives, (2) the search must not be motivated by an intent to arrest and seize evidence, and (3) there must be some reasonable basis, approaching probable cause, to associate an emergency with the area or place to be searched.  *United States v. Smith* 797 F.2d 836, 840 (10th Cir. 1986)(cited in *United States v. Wicks*, 995 F.2d 964, 970 (10th Cir. 1993).

As with the destruction of evidence exigency, the only bases for the officers' belief that there was an immediate need to protect their lives was the presence of the third car and the possibility, based upon their experience, that there may be another individual inside the residence. The officers' testimony that they believed a protective sweep was necessary to prevent the destruction of evidence and to ensure their safety is not credible. The officers had no information regarding whether firearms were present at the residence. A computer check on Defendant's record prior to the "knock and talk" did not show any criminal history of violence. Officer Scott received the information regarding the tips from the confidential informant and the anonymous citizen on August 15, 2000. He did not go to Defendant's residence until about 5:15 p.m. the following day. There was no surveillance of Defendant's residence prior to the "knock and talk" to determine how many persons were inside the residence. Officers Scott and Briseno approached Defendant's residence without any back-up officers immediately present. Back-up officers were available and were stationed around the corner of the block where Defendant resided. It is a surprising choice for two officers, fearing the imminent destruction of evidence and believing there is an immediate need to protect their lives, to approach a house by themselves when other back-up officers were available and nearby.

The Court finds that Officers Scott and Briseno did not reasonably believe that the imminent destruction of evidence was likely. *See Scroger*, 98 F.3d at 1260 (warrantless entry permitted when officers have reason to believe that criminal evidence may be destroyed before a warrant can be obtained). The Court also finds that Officers Scott and Briseno did not reasonably believe that there was an immediate need to protect their lives. *See United States v. Hogan*, 38 F.3d 1148, 1149 (10th Cir. 1994)(protective sweep permitted when officers reasonably believe, based on specific and articulable facts, that area to be swept harbors an individual posing danger to those on the arrest

scene).  Even if they held those beliefs, there is almost a complete lack of articulable facts which, taken together with the rational inferences from those facts, would warrant an officer holding those beliefs.  *See Buie*, 494 U.S. at 334.  Accordingly, the Court concludes that the protective sweep violated the Fourth Amendment and was therefore unlawful.

**No Consent for Officers to Enter Residence**

Defendant refused the officers' request to enter the residence when they first arrived. Defendant also refused to allow the officers to search his residence.  Officer Scott saw the marijuana plants after they took the conversation inside the residence and Defendant's girlfriend allegedly "asked [Officer Scott] to follow her to her bedroom to get her ID."  Having heard their testimony, the Court finds Defendant and his girlfriend credible.  The Court also finds portions of Officer Scott's and Officer Briseno's testimony not credible.  Accordingly, the Court concludes that Defendant did not consent for the officers to enter his residence.

**Probable Cause for Search Warrant**

Because the protective sweep was illegal, that portion of the search warrant affidavit containing Officer Briseno's observation of marijuana in the residence (Fact 7) shall be disregarded. *See United States v. Cusomano,* 83 F.3d 1247, 1250 (10th Cir. 1996)(citing *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978))(in reviewing whether issuing magistrate had a substantial basis for probable cause for a search warrant, the court may disregard allegedly tainted material in the affidavit and ask whether sufficient facts remain to establish probable cause).  Similarly, that portion of the search warrant affidavit containing Officer Scott's observation of marijuana in the residence (Fact 8) shall be disregarded because the officers entered without consent, without a warrant and in the absence of exigent circumstances.  *Id.*  After disregarding those portions of the affidavit arising from Officer

-7-

Briseno's illegal protective sweep and from Officer Scott's illegal entry into Defendant's residence, the affidavit's remaining content is sufficient to establish probable cause. Officer Scott smelled the odor of marijuana coming from the residence when Defendant opened the front door. *See Morin*, 949 F.2d at 300 (smell of marijuana is sufficient to establish probable cause). Officer Scott's claim that he smelled the odor of marijuana is corroborated by the facts that Defendant was growing and drying marijuana in his residence and had fans blowing towards the front door.

**Lawful Search of the Safes**

Closed containers are protected by the Fourth Amendment, but all the cases cited by Defendant deal with closed containers that were searched without a warrant. "A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found . . . this rule applies equally to all containers." *United States v. Ross*, 456 U.S. 798, 820-821 (1982); *United States v. Snow*, 919 F.2d 1458, 1461 (10th Cir. 1990)(locked safe was a likely source for the specified documents and could therefore be opened). The search warrant authorized the seizure of cash. A locked safe is a likely place where cash might be found.

Defendant also contends that the search warrant is overly broad because the attached affidavit reads in part "Included in my request to search is anything within the curtilage of this residence." However, the affidavit later goes on to identify in detail the specific items to be searched for and seized: drugs, packaging materials, scales and cultivation equipment, drug transaction records, cash, etc. A "warrant's description of things to be seized is sufficiently particular if it allows the searcher

to 'reasonably ascertain and identify the things authorized to be seized.'" *United States v. Finnigin*, 113 F.3d 1182,  1187 (10th Cir. 1997).  *See also United States v. Simpson*, 152 F.3d 1241,1248 (10th Cir. 1998)("practical accuracy rather than technical precision controls the determination of whether a search warrant adequately describes the place to be searched").

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Suppress (Docket No. 20), filed November 17, 2000, is **denied.**

**UNITED STATES DISTRICT JUDGE**