# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                   No. CR 00-1242 LH

SAM PRINGLE,

     Defendant.


## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant's Motion for Release Pending Appeal (Docket No. 51), filed October 9, 2001. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised,[1] finds that Defendant's motion will be **denied**, that Defendant's current release on bond is revoked, and that Defendant shall present himself to the custody of the United States Marshal Service for incarceration no later than fifteen (15) days following entry of this Order.

Defendant moves this Court to authorize his continued release pending his appeal pursuant to 18 U.S.C. § 3143(b)(1), which allows release (A) if, by clear and convincing evidence, the defendant is not likely to flee or pose a danger to individuals or to the community; and (B) if the defendant's appeal is not for the purpose of delay and raises a substantial question of law or fact that,

---

[1]Defendant requests a hearing on this motion; however, since the law is unambiguous and the pertinent facts are already on the record, a hearing is not warranted.

if Defendant prevails, is likely to result in a reversal, a new trial, or a reduced sentence. *See* 18 U.S.C. § 3143(b)(1)(A&B). In his motion, however, Defendant ignores 18 U.S.C. § 3143(b)(2), which directs that a defendant be detained when he has been found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)..." *See* 18 U.S.C. § 3143(b)(2); 18 U.S.C. § 3142(f)(1)(C). Defendant has pled guilty to Possession with Intent to Distribute More than 50 grams of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, its Salts, Isomers, or Salts of its Isomers, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). This is a drug trafficking crime with a maximum term of imprisonment of forty years; therefore, 18 U.S.C. § 3143(b)(2) applies and directs that Defendant should be detained.

Section 18 U.S.C. § 3145(c) does provide an exception to the requirement of incarceration for § 3143(b)(2) defendants, provided the criteria of 18 U.S.C. § 3143(b)(1) are fulfilled and it has been clearly shown that there are exceptional reasons why such person's detention would not be appropriate. *See* 18 U.S.C. § 3145(c). Defendant has made no argument that he meets the conditions of § 3145(c). Nevertheless, the Court has analyzed Defendant's case under these conditions and finds that Defendant's case fails to raise a substantial issue of law or fact under § 3143(b)(1)(B).

**Conditions of 18 U.S.C. § 3143(b)(1)**

According to the Tenth Circuit in *United States v. Affleck*, 765 F.2d 944 (10th Cir. 1985), a substantial issue of law or fact is "a 'close' question or one that very well could be decided the other way." *See id.* at 952-53 (quoting *United States v. Giancola*, 754 F.2d 898, 900-01 (11th Cir. 1985)). This Court finds that neither question raised on appeal by Defendant is substantial.

**Odor of Marijuana As Basis For Search Warrant**

Defendant argues that the odor of raw marijuana was not sufficient to justify the issuance of a warrant to search his residence. The Tenth Circuit has held that the odor of marijuana or methamphetamine alone is sufficient to justify a warrantless search of an automobile or baggage. *See United States v. Morin*, 949 F.2d 297 (10th Cir. 1991). In *Morin*, the Court held that officers had probable cause to conduct a warrantless search of a passenger's luggage on a moving train based on the strong odor of marijuana in a passenger compartment. Defendant argues that the probable cause in *Morin* does not translate to sufficient justification to search a residence, presumably because there is a higher expectation of privacy in a home than with a common carrier, but in Defendant's case, the search was not warrantless. The officers had procured a search warrant from a magistrate judge. The issue for review, then, is whether detecting the odor was sufficient probable cause to justify the magistrate's issuance of a search warrant.

When the police seek and a magistrate grants a search warrant, reviewing courts give such determinations of probable cause great deference. *See United States v. Le*, 173 F.3d 1258, 1265 (10th Cir. 1999). Additionally, using the detection of the recognizable odor of contraband as the basis for granting a search warrant was established long ago by the United States Supreme Court in *Johnson v. United States*, 333 U.S. 10 (1948).

> If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of a most persuasive character.

*Id.* at 13. Not unlike the instant case, *Johnson* involved a warrant to search a hotel room from which the smell of burning opium was emanating.

In a more recent and factually similar case, the Seventh Circuit held that the affidavit of a DEA agent, which demonstrated the agent's expertise in identifying the illegal substances by odor and attested to actually detecting such odors while standing at the door of a suspect's home, established probable cause for the issuance of a valid search warrant. *See United States v. Sweeney*, 688 F.2d 1131, 1137-38 (7th Cir. 1982)(applying the *Johnson* test).

The sufficiency of odor to justify a search warrant is resolved by the *Johnson* case. As long as Officer Scott established sufficient expertise in recognizing the smell of raw marijuana, and provided the facts of actually smelling the raw marijuana at Defendant's door, then the search warrant is proper. Officer Scott's affidavit in support of his application for the search warrant indicates that his training as a police officer and member of a narcotics task force has included identification of controlled substances by their odor. *See* Scott Aff. Srch. Warr. (I) at 1. Additionally, he attests to smelling raw marijuana wafting out of Defendant's front door when it was opened by Defendant. *See id.* at 2. Given the settled nature of the law on this matter and the sufficiency of the contents of Officer Scott's affidavit supporting his application for a search warrant, this is not a close question or one that could be decided the other way. Therefore, Defendant poses no substantial question of law or fact on this issue.

**Search of the Safes**

The officers had a warrant to search Defendant's residence and it was during this search that they found the two safes. Defendant questions the search of the safes because the search warrant did not encompass opening the safes and there was not a close enough nexus between the search for items related to the manufacture of marijuana and the search of the safe. In *United States v. Ross*, 456 U.S. 798 (1982), the Supreme Court explained that officers need not acquire separate warrants to

search cabinets, closets, chests, etc. within a home for which they have a warrant to search. *See id.* at 820-22. Additionally, the Tenth Circuit in *United States v. Snow*, 919 F.2d 1458 (10th Cir. 1990), upheld the search of a locked safe when FBI agents sought documents that had been specified in the warrant. *See id.* at 1461 ("The locked safe was a likely source for the specified documents and could therefore be opened.") (citing *United States v. Ross*, 456 U.S. 798, 820-21 (1982)).

In this case, Officer Scott had indicated in his affidavit that the officers sought many items in addition to narcotics, including cash and records of drug transactions. *See* Scott Aff. Srch. Warr. (I) at 3. It was reasonable, then, to open the safe to search for the cash and ledgers memorializing drug transactions. Because the officers were looking for items that had been listed in the affidavit, searching the safes was within the scope of the search warrant. Additionally, the nexus between narcotics and cash and drug transaction ledgers is sufficiently close for Officer Scott to search for these items. Therefore, Defendant is unlikely to pose a substantial question of law or fact in questioning the propriety of searching the safes on appeal.

Because this Court sees no substantial question of law or fact in either issue raised on appeal, Defendant does not fulfill § 3143(b)(1)(B). As such, the Court need not comment on whether § 3143(b)(1)(A), that is, Defendant's flight risk or potential danger to the community, is fulfilled, or whether Defendant presents exceptional reasons why his detention pending appeal would not be appropriate, to satisfy § 3145(c). Since Defendant does not present any substantial issues of law or fact, he may not continue to be released pending the outcome of his appeal.

**WHEREFORE,** for the reasons stated herein, the Court concludes that Defendant's Motion For Release Pending Appeal is **denied**, that Defendant's current release on bond is revoked, and that

Defendant shall present himself to the custody of the United States Marshal Service for incarceration no later than fifteen (15) days following entry of this Order.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**